IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ANDRE SHARP,

    Plaintiff,                      No. CIV S-08-0443 GEB JFM P

    vs.

JOSEPH A. BICK, et al.,           ORDER AND

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding in forma pauperis with a petition for removal from state court to the district court. On March 7, 2008, this court issued findings and recommendations recommending that the instant action be dismissed.

        On March 17, 2008, plaintiff filed objections to the findings and recommendations and has provided additional information concerning his cases in state court as well as the United States District Court for the Central District of California.[1] On March 24, 2008, plaintiff filed objections reiterating his request to have the state court case removed to federal court even though he is not the defendant therein. Good cause appearing, the March 7, 2008 findings and recommendations will be vacated and the court will address the petition anew.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1            Plaintiff seeks an immediate ruling so he may prepare for trial next month if his

2 request to remove this action is denied.  Plaintiff cited Sharp v. C. Hansen, CV 08-1185 CJC

3 (RCF).  Pacer court records reflect that plaintiff filed a petition for writ of habeas corpus in the

4 United States District Court for the Central District of California.  Id.  In that petition, plaintiff

5 noted his 1997 conviction in the San Diego County Superior Court, but alleged violation of his

6 civil rights by the prison litigation coordinator and other prison staff members at the prison in

7 Norco, California, surrounding plaintiff's effort to prosecute his civil action filed in the

8 Sacramento County Superior Court, Sharp v. Bilk, et al., Case No. 03AS01630.  On March 18,

9 2008, the Central District recommended that the action be summarily dismissed because

10 plaintiff's claims were not cognizable on federal habeas review.  Id. at 2.

11            Search of the Sacramento County Superior Court's index search system reflects

12 that plaintiff filed a civil action for breach of contract/warranty, Case No. 03AS01630.[2]  Since

13 plaintiff filed the civil action in state court; plaintiff is not permitted to remove that action to the

14 district court.  28 U.S.C. § 1446(a).

15        . . . [A]ny civil action brought in a State court of which the district
       courts of the United States have original jurisdiction, may be
16        removed *by the defendant or the defendants*, to the district court of
       the United States for the district and division embracing the place
17        where such action is pending. . . .

18 28 U.S.C. § 1446(a)(emphasis added).  Moreover, notices of removal must be filed by a

19 defendant within thirty days after the receipt by the defendant of a copy of the initial pleading.

20 28 U.S.C. § 1446(b).  Because plaintiff states the civil case is set for trial next month, a notice for

21 removal would be untimely at this late date.  Accordingly, plaintiff's petition for removal should

22 be denied.

23 /////

24 _____

25     [2] https://services.saccourt.com/indexsearchnew/CVFLPRSearch.aspx.  At present, this
website identified the parties and the date the action was filed, but did not provide electronic
26 access to the state court's docket for this case.  Id.

If plaintiff wishes to pursue his civil rights claims against prison staff at the state prison in Norco, California, he should file a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Central District of California because Norco is located in Riverside County.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The March 7, 2008 findings and recommendations are vacated;

2. Plaintiff's March 10, 2008 request for appointment of counsel is denied without prejudice.

3. The Clerk of the Court is directed to send plaintiff a copy of the civil rights form used by the United States District Court for the Central District of California.[3]

IT IS HEREBY RECOMMENDED that the February 27, 2008 petition be denied and this action be dismissed without prejudice. Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written

---

[3] This form can be located at the Central District's public website using the following address: http://www.cacd.uscourts.gov/CACD/Forms.nsf/0b2b50f03ce1d589882567c80058610a/1fb915bd7623a5d1882568190072f62f?OpenDocument

3

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).
5  DATED:  March 26, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; shar0443.56a