IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ANDRE SHARP,

    Plaintiff,                                     2:08-cv-0443-GEB-JFM-P

    vs.

JOSEPH A. BICK, et al.,

    Defendants.                                     ORDER

_____/

On April 28, 2008, plaintiff's petition for removal was denied pursuant to 28 U.S.C. § 1446(a) and judgment was entered. On May 15, 2008, plaintiff filed an amended petition for writ of habeas corpus, again seeking removal of his civil action from state court. (Docket No. 13.)[1] Plaintiff also filed preemptive objections to findings and recommendations, claiming he anticipates the magistrate judge will again deny plaintiff's motion for removal. (Docket No. 14.) Third, plaintiff refiled his motion for removal from state court. (Docket No. 15.) In that motion, plaintiff also alleges that he filed objections to the March 27, 2008 findings and recommendations and "does not know why this court did not receive such objections within

---

[1] As noted in the March 27, 2008 findings and recommendations, plaintiff is pursuing a breach of contract/warranty case in the Sacramento County Superior Court, Sharp v. Bilk, et al., Case No. 03AS01630, filed March 25, 2003. See also https://services.saccourt.com/indexsearchnew/CVFLPRPersonList.aspx?SearchValues=CV||Sharp,%20Anthony|01/01/2003|12/31/2003|Name|Asc|

the time allowed." (May 15, 2008 Motion for Removal at 2.) However, plaintiff did not provide a copy of the findings and recommendations he allegedly mailed within four days of receiving the findings and recommendations.

Good cause appearing, the court construes plaintiff's May 15, 2008 filings as a request for reconsideration of this court's April 28, 2008 order dismissing this action without prejudice. Local Rule 78-230(k) instructs parties seeking reconsideration of a decision to brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff cites nothing new, either fact or law, in this motion. In fact, he has not cited a single case that demonstrates he is entitled to remove his civil case from state court. 28 U.S.C. § 1446 (a). It appears, however, that plaintiff is under the misapprehension that should his motion for removal of his state court action be denied, the case must be remanded back to state court for trial. Plaintiff is advised that his state court action was not removed to the district court because a) a plaintiff may not remove a civil action from state court to federal court, 28 U.S.C. § 1446(a), and b) plaintiff's motion for removal was denied pursuant to 28 U.S.C. § 1446(a), so there is nothing to remand back to state court. Plaintiff chose to file his breach of contract/warrant action in state court and it has remained in state court ever since. Thus, the April 28, 2008 order will be affirmed.

Accordingly, IT IS HEREBY ORDERED that, upon reconsideration, the April 28, 2008 order dismissing this action is affirmed. Plaintiff is directed to file no further documents in this closed action; no orders will issue in response to future filings.

Dated: June 3, 2008

GARLAND E. BURRELL, JR.
United States District Judge