IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ANDRE SHARP,

    Plaintiff,          2:08-cv-0443-GEB-JFM (PC)

    vs.

JOSEPH A. BICK, et al.,

    Defendants.      ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a petition for removal from state court to the district court. On April 28, 2008, the petition was denied and this action was dismissed without prejudice; judgment was entered the same day. On July 7, 2008, plaintiff filed a notice of appeal. The court must now determine whether this appeal was timely.

        On May 15, 2008, plaintiff filed three documents which the court construed as a request for reconsideration. If the filings were construed as a motion to alter or amend the district court's order under Federal Rules of Civil Procedure 60(b), 59(e), or 52(b), and were properly filed, these motions would toll the thirty-day appeal period. United States v. Nutri-Cology Inc., 982 F.2d 394, 396-97 (9th Cir.1992). A Rule 60(b) motion to alter or amend a judgment may be made within a year of judgment. However, it tolls the time for filing a notice

1

of appeal only if it is filed "no later than 10 days after the entry of judgment." Fed. R. App. P. 4(a)(4)(F). For the purpose of Rule 60(b), the computation of ten days includes weekends and holidays. Fed. R. App. P. 26(a). Plaintiff's request was not filed until May 11, 2008,[1] thirteen days after the entry of the order on April 28, 2008. Therefore, the tolling provision did not come into effect.

Motions for reconsideration can also be construed as motions to alter or amend a judgment under 59(e) if filed no later than ten days after entry of the judgment. Fed. R. Civ. P. 59(e). Nutri-Cology, 982 F.2d at 397. Timely Rule 59(e) motions are tolling motions for purposes of filing a notice of appeal. Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.1988). However, unlike Rule 60(b) motions, the computation of this ten day period excludes weekends and holidays. Fed. R. Civ. P. 6(a). Excluding weekends and holidays, plaintiff's motion was due May 12, 2008. Because plaintiff's filings were deemed filed on May 11, 2008, plaintiff is entitled to tolling.

Therefore, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. Proc. 4(a)(4)(A). Here, the district court addressed plaintiff's motion for reconsideration by order filed June 4, 2008. Plaintiff's appeal was due within thirty days. Fed. R. App. Proc. 4(a)(1)(A). Because the 30th day fell on Independence Day, plaintiff's appeal was due no later than July 7, 2008. Fed. R. App. P. 26(a). Plaintiff's appeal was signed on June 28, 2008.[2] Accordingly, plaintiff's appeal was timely filed. The Clerk of the Court will be directed to process plaintiff's appeal.

/////

---

[1] Petitioner's filings were signed on May 11, 2008, but do not contain a certificate of service. The filing date may also be the date the petition is signed. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003)(see also Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(under the mailbox rule, where prisoner is proceeding pro se, the date of delivery of document to prison officials for mailing is considered the filing date.)

[2] See footnote one.

On July 7, 2008, plaintiff also filed an application for certificate of appealability. However, certificates of appealability are only required in actions brought under 28 U.S.C. § 2254 or § 2255. Although plaintiff attempted to re-file his claim on a habeas petition form (see docket no. 13), the record makes clear that plaintiff filed a petition for removal pursuant to 28 U.S.C. § 1446 (docket no. 1) in an effort to remove his civil action from state court to this court. (see March 27, 2008 Findings and Recommendations at 2.) Because a certificate of appealability is not required, plaintiff's July 7, 2008 application will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 7, 2008 notice of appeal is timely; the Clerk of the Court is directed to process plaintiff's appeal; and

2. Plaintiff's July 7, 2008 application for certificate of appealability is denied.

Dated: July 11, 2008

GARLAND E. BURRELL, JR.
United States District Judge